POLK *v.* POLK

5-3508                                          388 S. W. 2d 385

Opinion Delivered March 29, 1965.

*James P. Baker, Jr., J. Patrick Reilly,* for appellant.

*David Solomon,* for appellee.

JIM JOHNSON, Associate Justice. This case concerns a petition to change custody of a child.

On May 9, 1959, appellant Eva Burke Polk (now Crawford) filed suit for divorce against appellee Edwin M. Polk, Jr., in Phillips Chancery Court. Into the final decree granted June 16, 1959, was incorporated a separation agreement executed by the parties which gave appellant custody of their two minor children, Carole Jane, then fifteen, and John Charles, then five years of age. Subsequently Carole Jane came of age and moved from Helena. On May 1, 1964, appellee filed a petition in the divorce case case seeking custody of John Charles "during reasonable times and especially during the summer months." A hearing was held on June 16, 1964, at which time the court

heard testimony of the parties and their witnesses, and later talked to the boy (then ten or eleven) in chambers. In its order of July 10, 1964, the court found that there was "sufficient change of circumstances concerning custody," and, *inter alia,* granted appellee custody during the months of July and August each year and spelled out visitation rights for both parties.

For reversal appellant contends that the chancellor's decision to modify the original custody decree. is not supported by the preponderance of the evidence.

Review of the record reflects that after the divorce appellee moved into his parents' home less than a block from appellant's home. During the succeeding four years the children had the run of both houses and had access to either parent virtually at will, a remarkably fluid and uncritical environment lacking the divisiveness usual following a divorce. Then appellant remarried. There was testimony that after the remarriage Carole Jane moved into appellee's home and that appellant for a while refused to give appellee visitation rights with John Charles. Visitation of one day a week was worked out between the parties with the help of their attorneys. (There is no intimation in the record that appellant's husband has anything less than a real affection and interest in the welfare of John Charles.) After a few more months, appellant moved some twenty miles away to Marianna. The free and easy visitation, already strained, was now impossible at a twenty-mile distance, other than the agreed one day a week, at a time when the boy was reaching an age where he wanted the counsel and companionship of his father in masculine activities and sports. Since divorce is at best a poor situation in which to raise children, where custody of children is concerned and the recorded testimony might appear to be, as here, in equipoise, we give great weight to the conclusions of the chancellor who has the opportunity to observe the demeanor of the witnesses on the stand and to hear and evaluate their testimony. The state of the record being thus, we therefore affirm the chancellor's decree finding sufficient change of circumstances to justify this minor change in custody.